# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK BANKS and KENNETH POSNER, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-14-1427-F ) |
| NEW YORK POLICE DEPARTMENT, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Frederick Banks and Kenneth Posner, Plaintiffs proceeding pro se, have filed a document entitled "Indictment and Petition for Writ of Mandamus Complaint" (Complaint) (ECF No. 1) seeking both "preliminary injunctions and restraining orders," along with "costs, fees and interest and all other requested and warranted relief." Before the Court are Plaintiffs' individual motions to proceed in the district court without prepayment of costs or fees. (ECF Nos. 4, 5). Because much of the Complaint is based on claims which are frivolous, malicious, or fail to state a claim upon which relief may be granted, and because Plaintiffs have named defendants over whom this court does not have personal jurisdiction, it is recommended that Plaintiffs' motions to proceed in forma pauperis be **DENIED** and the Complaint be **DISMISSED**.

### I. BACKGROUND

The Complaint contains many diverse claims, most of which are fanciful, fantastic, or delusional, or fail to state a claim upon which relief may be granted.

Plaintiffs have named approximately 611 defendants. In addition to the New York Police Department, members of Congress are named as defendants as is the President of the United States, the Directors of the CIA and FBI, numerous federal judges identified as judges seated on the Foreign Intelligence Surveillance Court, and citizens in Pittsburg, Pennsylvania over whom this court lacks personal jurisdiction. Only the defendants who are members of Oklahoma's congressional delegation have any connection with the State of Oklahoma, and the Complaint makes no allegations against them.

## II. PROCEEDING WITHOUT PREPAYMENT OF COSTS AND FEES

The statute governing proceedings in forma pauperis is 28 U.S.C. § 1915. Section 1915(a)(1) outlines the requirements a litigant must meet to be considered for in forma pauperis status:

> [A]ny court of the United States may authorize the commencement …, of any suit, action or proceeding … , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The requirement for an affidavit pursuant to § 1915(a)(1) applies to all persons seeking to proceed in forma pauperis (IFP), and not just to prisoners, despite the statute's unfortunate use of the phrase, "prisoner possesses" rather than the phrase, "person possesses." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (internal citations omitted).

Section 1915(e)(2) also applies to anyone seeking or having been granted IFP status:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) The allegation of poverty is untrue; or
>
> (B) The action or appeal—
>
>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim upon which relief may be granted; or
>
>   (iii) seeks monetary damages against a defendant who is immune from such relief.

Thus, to be granted permission to proceed without prepayment of costs and fees, the movant must demonstrate both "a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d at 1312 (citing *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (addressing IFP status requirements on appeal)). Although the affidavits submitted by the Plaintiffs contain little information,[1] the undersigned has considered the applications and looked

---

[1] Plaintiffs do not state they were incarcerated at the time they filed their motions and Complaint, but from the allegations in the Complaint itself, it appears Banks was incarcerated at the time of filing but has since been released. There is no indication that Posner was incarcerated. The undersigned recognizes the special rules applying to prisoners who move to proceed IFP. *See* 28 U.S.C. § 1915(a)(2). Prisoners are instructed to provide a certified copy of the trust fund account statement for the previous six-month period immediately preceding the filing of the Complaint. In this case, the undersigned also recognizes the futility of requiring such an account statement from Banks. Moreover, the claims in the Complaint are all subject to dismissal, some with prejudice. Therefore, the undersigned has concluded that an attempt to force strict compliance with the aforementioned requirement as to Banks would be a waste of judicial resources, especially in light of the fact that the return of service mailed to Banks at his last known address was returned as undeliverable. [ECF No. 7].

to the Complaint to determine whether Plaintiffs' Complaint states a reasoned, non-frivolous argument on the law and facts in support of the issues raised. It does not, and Plaintiffs' motions should be denied and the case dismissed.

## III. STANDARDS OF REVIEW

Different standards apply to review of a complaint filed by a plaintiff seeking to proceed IFP under the different subsections of § 1915(e)(2)(b). Review for failure to state a claim under § 1915(e)(2)(B)(ii) uses the familiar 12(b)(6) "plausibility standard," *see Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), as applied to liberally construed pro se complaints. *See Kay v.* Bemis, 500 F.3d 2014, 2017 (10th Cir. 2007):

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious the plaintiff cannot prevail on the facts he has alleged and that it would be futile to give him an opportunity to amend." *Id.* at 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted)).

In determining whether a dismissal under 1915(e)(2)(B)(i) is proper, this court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

Under subsection (i) of § 1915(e)(2)(B), however, a pro se complaint may be dismissed as "frivolous" within the meaning of § 1915 when it "lacks an arguable basis either in law or in fact." *Neitzke at* 325. "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing

4

allegations that are 'fanciful,' 'fantastic,' and 'delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1989). As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Id.* (quoting *Neitzke* at 328). *Neitzke* and *Denton* construed the term "frivolous" as found in an earlier version of § 1915. In that earlier version, the IFP statute, at § 1915(d) allowed the district court to dismiss the case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.[2] In 1996, the statute was recodified and the provisions formerly found at § 1915(d) were strengthened and redesignated as § 1915(e). Thus, case law construing "frivolous" under § 1915(d) remains applicable to cases under its recodification as § 1915(e)(2).

## IV. ANALYSIS

### A. Counts One and Two—Murder and Manslaughter

In Count One, Plaintiffs seek unspecified relief in the nature of mandamus against the New York police officer Daniel Pantaleo who, Plaintiffs allege "willfully and intentionally caused the murder of Eric Gardner[.]" The jurisdictional basis, according to Plaintiffs, is based on the alleged murder having "affect[ed] interstate commerce."(ECF No. 1:26).

In Count Two, Plaintiffs also seek unspecified mandamus relief against Darren Wilson, then a police officer in Ferguson, MO, for the alleged murder of Michael Brown.

---

[2] Former 28 U.S.C. § 1915(d), as quoted in *Denton* at 33.

Plaintiffs assert the ammunition and the firearm used to fatally shoot Brown was "shipped and manufactured in interstate commerce in violation of 18 USC 1111." (ECF No. 1:27).

In Counts One and Two Plaintiffs seek relief that this court is powerless to give. The title of the opening document suggests Plaintiffs are asking this court to issue a writ in the form of mandamus requiring state officials in New York and Missouri to indict two different police officers recently involved in the deaths of two men.

Federal district courts, however, lack power to issue a writ intended to require state officials to take any action. Rule 81(b) of the Federal Rules of Civil Procedure abolished the Writ of Mandamus. The authority to issue extraordinary writs derives solely from the All Writ Statute, 28 U.S.C. § 1651. But this authority exists for the sole purpose of protecting the respective jurisdictions of the federal courts.

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to a plaintiff.

28 U.S.C. § 1361 (emphasis added).

The state officials in New York and Missouri are not employees of the United States or any agency thereof. United States District Courts simply do not have any jurisdiction to compel a state or its officers to perform any duty. *Harris v. Dep't of Corr.*, 426 F. Supp. 350, 351-52 (W.D. Okla. 1977) *See also Adkins v. Kansas Comm'n on Judicial Qualifications*, 510 F. App'x 700, 706 (10th Cir. 2013) (unpublished op.) Counts

One and Two fail to state a claim upon which relief may be granted and should be dismissed with prejudice.

### B. Count Three—Discrimination against Constitutional Rights

The allegations in Count Three are liberally construed as civil rights claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Banks contends he has been discriminated against in Pittsburgh, PA, at Renewal Inc., based on his being a member of the Lakota Sioux Tribe. (ECF No. 1:27). Banks does not describe the Renewal Inc., but in Count Three Banks states he was at some time sentenced to a year in prison and six months in Renewal Center. (ECF No. 1:28). Banks states his constitutional rights were violated while he was living in this facility by Kyle Kohlbacker who "willfully and intentionally failed to provide him … with provisions to practice his Wicca religion … and otherwise discriminated against him in such things as scheduling him for outside employment hours[.] Banks also implicates Earl Kohlbacker in discriminating against him. Finally, Plaintiff contends employees of Renewal Inc. conspired to "author bogus incident reports to keep Plaintiff confined at the Renewal Center contrary to the provisions outlined in 18 USC 242 and 241." (*Id.*)

This court cannot grant relief to Plaintiff against individuals outside the State of Oklahoma over whom the court has no personal jurisdiction. To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. *See Far West Capital, Inc. v. Towne,* 46

F.3d 1071, 1074 (10th Cir. 1995). Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry. *See Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (citing *Rambo v. American S. Ins. Co.,* 839 F.2d 1415, 1416 (10th Cir. 1988).

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quotation omitted). The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations and citations omitted). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the circumstances surrounding the case. *See id.* at 477–78.

Section 1915 contains no express authorization for a dismissal for lack of personal jurisdiction or venue. *See* 28 U.S.C. § 1915. However, the Tenth Circuit Court of Appeals has previously held that a district court may, in certain limited circumstances, properly dismiss an action under § 1915 based on an affirmative

defense. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995). As the Supreme Court has described:

> Section 1915(d) [the precursor to § 1915(e) ] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke v. Williams,* 490 U.S. at 327.

In *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006), The Tenth Circuit held district courts may, in certain limited circumstances, dismiss under § 1915 for lack of personal jurisdiction and for improper venue, as well as for other affirmative defenses. But the Tenth Circuit cautioned that under § 1915, a district court may consider personal jurisdiction and venue *sua sponte* "'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed'" *id.* (quoting *Fratus*, 49 F.3d at 674–75 (quotations, alterations omitted), and only if "'it is clear that [the plaintiff] can allege no set of facts … to support personal jurisdiction or venue.'" *Id.* (quoting *Sanders v. United States*, 76 F.2d 869,871 (8th Cir. 1985) (alteration in original).

In this case, it is evident from the face of the Complaint that this court cannot exercise personal jurisdiction against the defendants named in Count Three and that

9

Banks can allege no set of facts to support personal jurisdiction or venue. It is recommended that the claims in Count Three be dismissed without prejudice because this court lacks personal jurisdiction over the named defendants.

### C. Count Four—Discrimination and Conspiracy against Constitutional Rights

Plaintiffs allege that judges who sit on the Foreign Intelligence Surveillance Court conspired to keep Banks and Posner in a "state of perpetual frenzy and discontent by holding them hostage with a bogus FISA Warrant" that was "unlawfully approved in the District of Columbia at the Foreign Intelligence Surveillance Court." Because of the warrant, Plaintiffs allege they were subjected to "electronic harassment and Signals Intelligence domestic surveillance on U.S. Citizens by the CIA Office of Science and Technology[.] According to Banks, he was subjected to "electronic harassment and Signals Intelligence domestic surveillance" in violation of federal law. According to Banks, the surveillance was motivated by "multiple civil lawsuits that Frederick Banks filed against the United States and its agencies in violation of 18 USC 241." (ECF No. 1:27). Banks also contends Ben Orrison and Sean Langford confiscated a Keurig Coffee Maker and Nikon Camera, and an "altered Wicca dress (a gift for a Wiccan High Priestess and friend of Banks')" (ECF No. 1:28). Banks has not identified the positions Orrison and Langford hold. Banks also alleges the Pittsburg division of the FBI confiscated his Ferrari that was never put on a property list. Finally, Banks contends judges in Pittsburg, PA, incarcerated him for a year "on a bogus violation," to be followed by six months in Renewal Center. According to Banks, the "conspiracy" of

these judges violated the Equal Protection Clause and the 1868 Sioux Treaty of Fort Laramie. (ECF No. 1:28).

The claims in Count Four regarding electronic harassment, remote neural monitoring by the CIA, and unlawful warrants issued by the Foreign Intelligence Surveillance Court are frivolous—they are fanciful, fantastic and delusional—and they should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 at 328. The remaining claims raised in Count Four should be dismissed without prejudice because lack of personal jurisdiction over the named defendants is obvious from the face of the complaint, no further factual record is required to be developed, and it is clear that Plaintiffs can allege no set of facts to support personal jurisdiction. (*See* discussion *supra* at 9).

### D. Count Five –Conspiracy against Protected Constitutional Rights and Conspiracy to Commit Murder

Count Five returns to claims arising from Banks' stay at Renewal Inc., which he states is in Pittsburg Pennsylvania:

> On 12/25/14 in Pittsburg, PA Renewal Inc., Earl Kohlbacker and his relative Kyle Kohlbacker, and Shariff Rasheed and Doug Williams, Renewal's head of operations, conspired with themselves and others known and unknown to the grand jury and the plaintiffs to prevent Frederick Banks from his right to pursue the profession of his choice, as outlined in the organic law of the U.S. Constitution's Declaration of Independence (pursuit of happiness clause), namely his employment on 12/24/14 and 12/25/14 because of his class based status as an American Indian and citizen of the USA and the Commonwealth of Pennsylvania.

(ECF No. 1:28). According to Banks, the goal of the aforementioned conspiracy was to "keep him confined on Christmas to convert him to their perverted form of Christianity because he practiced Witchcraft and was a Warlock and Wiccan Witch." *Id.* He further claims "Jessica Albert required Frederick Banks to first apply for funds through two Christian organizations first before she would even consider or submit him in for Second Chance Act funds because of his status as a Wiccan, Warlock and Witch and practitioner of pagan Witchcraft." (*Id.*). According to Banks, this "defacto policy" was implemented by Albert and Charmaigne Odon. (ECF No. 1:28-29).

Once again, Banks' allegations are against people over whom this court lacks personal jurisdiction. The claims in Count Five should be dismissed without prejudice on that basis.

## RECOMMENDATION

After careful consideration of the issues in this action, the undersigned recommends Plaintiffs' motions to proceed *in forma pauperis* **(ECF Nos. 4, 5)** be **DENIED** and the case **DISMISSED** pursuant to 28 U.S.C. §1915. The allegations in Counts One and Two should be dismissed with prejudice because they fail to state a claim upon which relief may be granted. The claims in Count Three should be dismissed without prejudice for lack of personal jurisdiction over the defendants. The frivolous claims in Count Four should be dismissed with prejudice. The rest should be dismissed without prejudice for lack of personal jurisdiction over the defendants. The claims in

Count Five should also be dismissed without prejudice for lack of personal jurisdiction over the defendants.

## NOTICE OF RIGHT TO OBJECT

Plaintiffs are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 6, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on March 20, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE